Alcantara v Annucci (2022 NY Slip Op 02163)





Alcantara v Annucci


2022 NY Slip Op 02163


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

531036
[*1]Richard Alcantara et al., Respondents-Appellants,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Appellants-Respondents.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for appellants-respondents.
Willkie Farr & Gallagher LLP, New York City (Kyle Mathews of counsel), for respondents-appellants.



Aarons, J.
Cross appeals from a judgment of the Supreme Court (Hartman, J.), entered January 8, 2020 in Albany County, which, among other things, partially denied defendants' motion for summary judgment dismissing the complaint.
Plaintiffs are residents at Fishkill Correctional Facility, which is a medium security institution administered by the Department of Corrections and Community Supervision (hereinafter DOCCS) and is designated as, among other things, a "general confinement facility" and a "residential treatment facility" (hereinafter RTF) (7 NYCRR 100.90 [c] [1], [3]). Plaintiffs were housed at Fishkill as RTF residents while they were on postrelease supervision for sex offenses but could not find housing that complied with sex offender residency requirements. Plaintiffs commenced this action raising various claims related to their confinement at Fishkill.[FN1] Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Plaintiffs opposed and requested that Supreme Court grant them summary judgment upon a search of the record. The court partially granted defendants' motion and, upon a search of the record, awarded summary judgment on a claim to plaintiffs. These appeals ensued.
As to the claim that the rehabilitative program for Fishkill RTF residents did not comply with Correction Law § 73, Supreme Court found that the program and opportunities provided within Fishkill complied with the statute and, therefore, summary judgment was granted to defendants to this extent. The court, however, also found that that Fishkill failed to provide sufficient opportunities that were community based and outside of the facility and, accordingly, upon a search of the record, summary judgment was granted to plaintiffs to this extent. Turning first to the latter finding, defendants concede that any opportunities provided by Fishkill outside of the facility were limited in scope. They nonetheless contend that the statutory scheme merely authorizes, and does not mandate, that DOCCS provide opportunities outside of Fishkill.[FN2] Plaintiffs counter that Fishkill, as an RTF, was required to secure various opportunities in the community where it was situated. We agree with defendants.
A resident in an RTF "may be permitted to leave such facility in accordance with the provisions of [Correction Law § 73]" (Correction Law § 72 [6]). To that end, DOCCS "shall be responsible for securing appropriate education, on-the-job training and employment" for RTF residents (Correction Law § 73 [2]). Furthermore, "[p]rograms directed toward the rehabilitation and total reintegration into the community of persons transferred to a residential treatment facility shall be established" (Correction Law § 73 [3]). That said, nothing in Correction Law § 73 (2) or (3) states specifically where the opportunities provided in a rehabilitative program established by DOCCS or where the education, training or employment to be secured by DOCCS must [*2]be located. In other words, there is no statutory mandate providing that DOCCS's obligations under Correction Law § 73 be outside the confines of Fishkill.
It is true that an RTF is defined as "[a] correctional facility consisting of a community based residence in or near a community where employment, educational and training opportunities are readily available for persons who are on parole or conditional release and for persons who are or who will soon be eligible for release on parole who intend to reside in or near that community when released" (Correction Law § 2 [6]). Correction Law § 2 (6), however, speaks to where an RTF must be located. It does not govern DOCCS's obligations in establishing a rehabilitation program or in securing various opportunities for RTF residents. Although it would seem that the purposes behind a rehabilitative program would be served by having such program or employment, training or education take place in the actual community and outside of an RTF, DOCCS is best suited to make this determination given its "leeway to design its RTF programs and facilities" (People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 207 [2020]).
Of note, an RTF resident "may be allowed to go outside the facility during reasonable and necessary hours to engage in any activity reasonably related to his or her rehabilitation and in accordance with the program established for him or her" (Correction Law § 73 [1]). Once again, this subsection does not speak to DOCCS's obligations in establishing a rehabilitative program. It merely provides that an RTF resident may leave a facility for the purposes of partaking in a rehabilitative program or opportunity. Moreover, in that situation, DOCCS's statutory obligation merely extends to supervising the RTF resident while he or she is outside the facility (see Correction Law § 73 [1], [2]). Accordingly, Supreme Court erred in granting partial summary judgment in favor of plaintiffs on the claim that DOCCS did not create an appropriate RTF program outside the confines of Fishkill, and summary judgment should have instead been awarded to defendants dismissing this claim.
Turning to plaintiffs' cross appeal, plaintiffs argue that the rehabilitation program provided within Fishkill for RTF residents did not comply with Correction Law § 73. Defendants submitted evidence indicating that the Fishkill RTF program was a 28-day program designed to prepare RTF residents for re-entry into the community and that it had different units covering various topics, including, among other things, sex offender registration procedures, employment and life skills, community resources and relapse prevention. RTF residents could meet with program coordinators for multiple hours in a day. Coordinators engaged with RTF residents and helped them look for apartments, find roommates and create cover letters and budgets. There was a work program for RTF residents that was directed toward the [*3]rehabilitation and reintegration into the community of such residents. RTF residents were also paid for their participation in these RTF programs at a higher rate than what general population incarcerated individuals were paid. RTF residents had access to Fishkill's general library, and they could take high school equivalency classes. Viewing the programming as a whole, defendants satisfied their burden of showing that the RTF program complied with Correction Law § 73.
Plaintiffs' complaints about the efficacy of the RTF program or the lack of training or guidance to create one do not suffice to raise an issue of fact. Additionally, even if we agreed with plaintiffs that Supreme Court erred in assessing Fishkill's program as to whether it was adequate, as opposed to appropriate, our review of the record confirms that the Fishkill RTF program satisfied the dictates of Correction Law § 73. Accordingly, Supreme Court correctly granted summary judgment in defendants' favor to this extent.
Plaintiffs also argue that Fishkill was not fulfilling its obligations as an RTF because RTF residents were treated the same as general population incarcerated individuals. As mentioned, Fishkill functions as a general confinement facility and an RTF, among other things (see 7 NYCRR 100.90 [c] [1], [3]). Subject to certain exceptions, "[t]wo or more correctional facilities may be maintained or established in the same building or on the same premises so long as the incarcerated individuals of each are at all times kept separate and apart from each other" (Correction Law § 70 [4]). As Supreme Court noted, although an RTF is defined as a "correctional facility" (Correction Law § 2 [6]), it may also be an area within a correctional facility in view of the function that it serves (see Correction Law § 70 [6] [b] [ii]). Indeed, the designation and classification of correctional facilities throughout the state are set forth in 7 NYCRR part 100 — of which Fishkill, and not its RTF, is one (see 7 NYCRR 100.90). Accordingly, for purposes of Correction Law § 70 (4), Fishkill's general confinement facility and its RTF are not to be considered as separate correctional facilities.
That said, the record discloses that RTF residents at Fishkill were afforded separate housing and privileges compared to general population incarcerated individuals. The fact that RTF residents and general population incarcerated individuals were subject to the same daily count, wore similar clothes or ate in the same mess hall does not violate the applicable regulatory and statutory scheme. Supreme Court therefore correctly concluded that plaintiffs' claim that they were unlawfully treated as general population incarcerated individuals was without merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as partially denied defendants' motion for summary judgment and [*4]granted partial summary judgment to plaintiffs, upon a search of the record; partial summary judgment to plaintiffs denied, defendants' motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: Although originally commenced by plaintiffs as a CPLR article 78 proceeding, Supreme Court converted the proceeding into a declaratory judgment action.

Footnote 2: We disagree with defendants' further contention that plaintiffs' claims are foreclosed by Matter of Gonzalez v Annucci (32 NY3d 461 [2018]).